UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-193 (02) (MJD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **JOINT STATEMENT REGARDING** |
| | ) | **CARES ACT** |
| BENJAMIN RYAN TEETER, | ) | |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant U.S. Attorney Andrew Winter, and the Defendant Benjamin Ryan Teeter, by and though his attorneys, Andy Birrell, Esq., and Ian Birrell, Esq. (hereinafter the Parties), and jointly request the Court to make a finding pursuant to Section 15002(b)(2) of the CARES Act and this District's General Order No. 5 that the sentencing hearing in this case be held remotely and cannot be further delayed without "serious harm to the interests of justice." The grounds for this motion are set forth below.

## Background

On March 27, 2020, Congress passed the CARES Act, Pub. L. No. 116-136, which allows federal courts that have been materially affected by the coronavirus outbreak to authorize the use of video teleconferencing for certain criminal proceedings. *Id.* § 15002. Specifically, felony plea and sentencing hearings may be conducted by video teleconference if: (1) "the Judicial Conference of the United States finds that emergency conditions . . . with respect to the Coronavirus Disease 2019 (COVID-19) will materially

affect the functioning of [ ] the federal courts," (2) the chief judge of a district finds that felony pleas and sentencings "cannot be conducted in person without seriously jeopardizing public health and safety," and (3) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.* § 15002(b)(2).

On March 29, 2020, the Judicial Conference made the required finding that emergency conditions due to COVID-19 will materially affect the functioning of the federal courts. *See Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic* (March 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19.

On March 30, 2020, the Chief Judge for the District of Minnesota issued General Order No. 5, *In Re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, in which he found felony pleas and felony sentencings in the District of Minnesota "cannot be conducted in person without seriously jeopardizing public health and safety." The Chief Judge ordered:

> [I]f a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case.

*Id.* ¶ 2.

In July 2020, the United States District Court – District of Minnesota developed a protocol for in-person hearings and resumed limited in-person hearings. *See Protocol for*

*In-Person Hearings In the District of Minnesota*, (external website draft dated Aug. 20, 2020), https://www.mnd.uscourts.gov/sites/mnd/files/2020-0820_Protocol-for-In-Person-Hearings.pdf.  Given several factors, and following a series of similar Orders addressing COVID-19 infection rates, active COVID-19 cases, and court operations, on January 28, 2021, the Chief Judge for the District of Minnesota issued General Order No. 26, *In re Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*.  General Order No. 26 continued to encourage the use of videoconferencing in criminal proceedings and stated, "The Court will continue to hold criminal proceedings using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available, when the defendant consents to appearing at the proceeding remotely."  *Id.* ¶ 1. Pursuant to the Order, any such criminal proceedings that cannot be conducted via videoconferencing were continued until May 2, 2021.  *Id.* ¶ 2.

On April 29, 2021, the Chief Judge for the District of Minnesota issued Minnesota issued General Order No. 28, *In re Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, wherein the Court ordered that this District "will continue to hold criminal proceedings using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available when the defendant consents to appearing at the proceeding remotely."  The Chief Judge for the District of Minnesota has since issued additional General Orders which have provided guidance on court operations and encouraged the use of videoconferencing for criminal proceedings – similarly allowing for the use of videoconferencing in criminal proceedings when the defendant consents to appear remotely. *See* June 17, 2021, General Order No. 29, *In re*

3

*Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*; September 3, 2021, General Order No. 30, *In re Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*; and September 31, 2021, General Order No. 31, *In re Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*.

Because the Judicial Conference and the Chief Judge of the District of Minnesota have made the required findings under the CARES Act, and because Defendant and counsel have agreed to appear by video teleconference, to proceed with his hearing, this Court need only find specific reasons that the hearing in this matter cannot be further delayed without serious harm to the interests of justice.

**Further Delay Will Cause Serious Harm to the Interests of Justice in this Case**

The Parties agree that the Defendant's hearing should be held remotely for several reasons. The Defendant is a Bureau of Prisons (BOP) inmate who is currently incarcerated in North Carolina where he is serving a 48-month sentence.  The Defendant has requested that the hearing be held remotely due to concerns about the health risks and delays associated with his transport from North Carolina to the District of Minnesota.

Based on the foregoing, the Parties respectfully request the Court to find that specific reasons exist to conclude that a hearing be held remotely and cannot be further delayed without serious harm to the interests of justice.

Dated:  December 2, 2022                    Respectfully Submitted,

                                            ANDREW M. LUGER
                                            United States Attorney

                                             */s/ Andrew Winter*
                                            By:  ANDREW WINTER
                                            Assistant U.S. Attorney
                                            Attorney ID No. 175195

                                             */s/ Andy Birrell*
                                            ANDY BIRRELL, Esq.
                                            Attorney for Defendant

                                              */s/ Ian Birrell*
                                            IAN BIRRELL, Esq.
                                            Attorney for Defendant